IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NOBLE DWAYNE HEMINGWAY-EL,    )
                              )
        Plaintiff,             )
                              )
    v.                         )        1:09CV732
                              )
THE CITY OF HIGH POINT,        )
                              )
        Defendant.             )

**MEMORANDUM OPINION, ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed in Forma Pauperis (Docket Entry 1). (See Docket Entry dated Nov. 7, 2011.) For the reasons that follow, the Court should grant said Application only for the limited purpose of considering a recommendation of dismissal under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

Legal Background

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees,

however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants . . . [and thus] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

-2-

Case 1:09-cv-00732-JAB-LPA   Document 4   Filed 04/17/12   Page 2 of 5

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>[1] The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. <u>Cf.</u> <u>Allen v. Burke</u>, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying <u>Twombly</u> standard in dismissing pro se complaint); <u>accord</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 556 U.S. at 679, respectively)), <u>cert. denied</u>, 130 S. Ct. 2064 (2010).

under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

<u>Discussion</u>

Along with his instant Application, Plaintiff filed a Complaint (Docket Entry 2), arising from his alleged interaction with police officers and a local magistrate in High Point, North Carolina, on August 6, 2007 (<u>see</u> <u>id.</u> at 3-6). Plaintiff filed a virtually identical complaint (save for two sentences about the alleged actions of the local magistrate in question) in a separate case. (<u>Compare</u> <u>id.</u>, <u>with</u> <u>Hemingway-El v. City of High Point</u>, No. 1:09CV608 (M.D.N.C.), Docket Entry 2 at 4-7.) The undersigned Magistrate Judge has recommended dismissal of that complaint based on its legal insufficiency. (<u>See</u> <u>Hemingway-El v. City of High Point</u>, No. 1:09CV608 (M.D.N.C.), Docket Entry 18.) For reasons stated in that Recommendation, the Court should conclude that the instant Complaint qualifies as frivolous, fails to state a claim, and seeks damages from an immune party.

**IT IS THEREFORE ORDERED** that Plaintiff's instant Application to proceed as a pauper (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2), as frivolous, for failing to state a claim, and due to its request for damages from an immune party.

                                            /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                      **United States Magistrate Judge**

April 17, 2012